UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELANIE WHITLEY, | § § | |
| Plaintiff | § § | |
| V. | § § | CASE No. 5:20-cv-01429 |
| | § | |
| CITY OF SAN ANTONIO; SAN ANTONIO POLICE DEPARTMENT; AND MISTY FLOYD, Individually; | § § § | |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, Plaintiff MELANIE WHITLEY (hereinafter, "Plaintiff") in the above styled and numbered cause of action and files this her Original Complaint pursuant to the Federal Rules of Civil Procedure and would respectfully show unto the Court as follows:

### PARTIES

1. This action is filed under the 42 U.S.C. § 1983 and § 1988 and under the Fourth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of Texas against Defendants.

2. Plaintiff MELANIE WHITLEY is an individual residing in San Antonio, Bexar County, Texas.

3. Defendant City of San Antonio is a municipal governmental entity within the State of Texas and the public employer of San Antonio Police Department. The Defendant may be served by personal process by and through City Attorney Andrew Segovia, 100 Military Plaza, City Hall 3rd Floor, San Antonio, Texas 78205, or wherever he may be found, and City

Clerk Tina J. Flores, 100 Military Plaza, City Hall 2nd Floor, San Antonio, Texas 78205, or wherever she may be found. Please issue citation.

4. Defendant San Antonio Police Department is a municipal law enforcement agency employed by City of San Antonio. Police Chief William McManus was the Chief of Police for San Antonio Police Department during the time that the acts and/or omissions made basis of this action occurred. This Defendant may be served by personal process by and through Police Chief William McManus at the San Antonio Police Department headquarters, 315 S. Santa Rosa Avenue, San Antonio, Texas 78207, or wherever he may be found. Please issue citation.

5. Defendant Officer Misty Floyd, Individually, (hereinafter, "Defendant Officer Floyd"), at all times relevant, was a resident of the State of Texas, and was an employee for the San Antonio Police Department. This Defendant may be served by personal process at San Antonio Police Department headquarters, 315 S. Santa Rosa Avenue, San Antonio, Texas 78207, or wherever she may be found. Please issue citation.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over this lawsuit because part of the action arises under 42 U.S.C. § 1983 and § 1988 and under the Fourth and Fourteen Amendments of the United States Constitution, and under the laws of the State of Texas against Defendants.

## FACTS

9. On March 11, 2019, Officer Floyd of the San Antonio Police Department responded to a call and arrived at Plaintiff's residence at approximately 7:44 p.m. that evening. Ms. Whitley was on the porch when Officer Floyd arrived, advising the officers that she was on the phone with 911 letting them know she was attempting to get help for her mother.

10.     During the encounter the police initially placed handcuffs upon plaintiff before removing them.

11.     Officer Floyd then told plaintiff that she could be arrested for public intoxication for being intoxicated on her front porch.  When plaintiff attempted to go back inside the house, Officer Floyd violently seized plaintiff from behind and threw her upon the ground, causing plaintiff to suffer broken teeth and other physical injuries.

12.     As a result of the foregoing acts and/or omissions, MELANIE WHITLEY suffered severe and debilitating bodily injuries.

## CAUSES OF ACTION

13.     **42 U.S.C. § 1983** Plaintiff contends that Defendants, acting under color of state law, by way of statute, ordinance, regulation, custom and/or usage, took affirmative acts and committed omissions that violated MELANIE WHITLEY's well established civil rights afforded to her by the Constitution of the United States, including, but not limited to, the Fourth and Fourteenth Amendments.  At all relevant times, each Defendant was acting within the course and scope of their employment for the City of San Antonio.

14.     By virtue of the Fourth and Fourteenth Amendments, MELANIE WHITLEY had the right to be secure from unreasonable seizures by those acting under color of state law.  Based on the totality of the circumstances, Defendants acted with objective unreasonableness in the seizure of MELANIE WHITLEY and by the use of excessive force.

15.     Defendant Officer Floyd violated MELANIE WHITLEY's constitutional rights to be free from excessive force by physically assaulting her.

16. The Defendants actions constitute a gross violation of MELANIE WHITLEY's constitutional rights against unreasonable seizures under the Fourth Amendment of the United States Constitution.

17. Defendants City of San Antonio and San Antonio Police Department, by and through their authorized representative, Police Chief William McManus, violated the civil rights of Ms. Whitley in that he failed to formulate, train and/or enforce customs, policies, regulations and procedures to the police officers of San Antonio Police Department for addressing the safe and proper methods of restraint by police, so as not to cause the unnecessary death or harm of a person in their custody. Defendant failed to supervise Officer Floyd proximately leading to the violation of MELANIE WHITLEY'S constitutional rights.

18. The San Antonio Police Department and the City of San Antonio allowed a persistent and wide spread practice of unreasonable seizure, which, although not officially adopted by formal city policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. The city had actual or constructive knowledge of numerous complaints of excessive force by its police officers, yet failed to take any meaningful action to prevent such an occurrence.

19. More particularly galling in this instance, is that Officer Floyd had previously been investigated, and the City sued, for a very similar instance in which Officer Floyd first threatened to arrest a citizen for public intoxication on his own front porch and then threw the gentleman to the ground fracturing his sternum.

20. **42 U.S.C. § 1988.** Plaintiff was forced to engage the undersigned attorney and seek recovery of reasonable attorney's fees and the costs associated with the prosecution of this action.

21. Plaintiff sues Defendant Officer Floyd in her individual capacity for conduct that knowingly violated the well-established constitutional rights of MELANIE WHITLEY, in that she used excessive force to restrain Ms. Whitley and that such failures would foreseeably cause serious injury.

22. Defendants committed acts and/or omissions as described herein that proximately caused injuries which resulted in the serious injuries sustained by MELANIE WHITLEY.

## **DAMAGES**

23. As a direct and proximate result of the negligent conduct of Defendants herein, MELANIE WHITLEY suffered severe bodily injuries and damages, including:

    a. physical pain, suffering and mental anguish sustained in the past;

    b. physical pain, suffering and mental anguish, which in all likelihood he will suffer in the future;

    c. past medical expenses;

    d. future medical expenses;

    e. loss of wages in the past;

    f. loss of earning capacity;

    g. physical disfigurement sustained in the past;

    h. physical disfigurement, which in all likelihood he will suffer in the future;

    i. physical impairment sustained in the past;

    j. physical impairment, which in all likelihood he will suffer in the future;

    k. exemplary damages;

  l.  reasonable attorney's fees; and

  m.  costs of court.

24. Plaintiff hereby demands an award after a trial on the merits of $3,500,000 (three and a half million) dollars in actual and exemplary damages. Said damages are within the jurisdictional limits of this court.

## EXEMPLARY DAMAGES

25. Plaintiff would show that the misconduct of each Defendant herein, and any one of them, giving rise to a violation of 42 U.S.C. § 1983 claims, rose to the level of malice in that such conduct was motivated by evil motive or intent, or that it involved reckless and/or callous indifference to the federally protected rights of MELANIE WHITLEY.

26. The facts and circumstances of this case warrant that punitive damages be awarded so that the Defendants be punished for their misconduct complained of herein and so that Defendants and those similarly situated may be deterred from engaging in similar conduct in the future.

27. Plaintiff hereby sues for exemplary damages against each named Defendant.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## CONDITIONS PRECEDENT

29. All conditions precedent to this cause of action have been performed or have otherwise occurred. Plaintiff attach and incorporate letters, marked as Exhibit A, providing Defendants notice pursuant to and in compliance with the notice requirements of the City of San Antonio charter, Texas Tort Liability Act, V.T.C.A., Texas Civil Practice and Remedies Code §

101.001 *et seq.*, however, Defendants possessed actual knowledge of all wrongdoing and damaged alleged herein.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby prays that summons be issued against Defendants and that upon service and a hearing that the Honorable Court grant judgment in favor of Plaintiff, in all of their capacities, for actual damages, special damages, exemplary damages, attorney fees, costs of Court, pre- and post-judgment interest as allowed by law, and all other relief to which he may be entitled by law or equity.

Respectfully submitted,

ANDERSON & ASSOCIATES LAW FIRM
2600 S.W. Military Drive, Suite 118
San Antonio, Texas 78224
(210) 928-9999 Telephone
(210) 928-9118 Facsimile
E-Service Email: ol.aalaw@yahoo.com

*/s/Kelly, Kelly*
KELLY W. KELLY
State Bar No. 24041230
*Attorney for Plaintiff*